Lipscomb, J.
The first ground presented on which the appellants ask a-reversal of the judgment of the court below which we will examine is the refusal of the court to grant a continuance on the application and affidavit o£ the appellants, who were the defendants.
This application for a continuance was predicated upon a statement made by 31. P. Hill, Esq.., admitted to be received as on oath by the parties. It shows that lie was of counsel for the defendants; that lie had bestowed much study on the case, and that he was convinced that no lawyer could master the questions presented in the time from his making this statement aud the meeting of tiio court; and that lie had the papers in the case and had made preparation to take the evidence by commission of witness, but that he liad not time to liave them executed; that'lie was compelled to leave for the purpose of attending to important business in the Supreme Court of the United States. This statement was made about a month before the court, and the affidavit for the continuance about two weeks before court.
Wo believe that whatever the appearance of individual hardship may be in this case, the court did not err in overruling the motion of the appellants for a continuance. .If it were admitted that the fact of the counsel employed and. previously attending to the case voluntarily absenting himself from court for the reason that important professional business required his attention in another court, would be sufficient ground for obtaining the continuance of a cause, it would lie often resorted to, greatly to the hindrance aud delay of suits and to-the prejudice of t.he rights of the adverse party: If, however, it had appeared in the progress of the trial that was had, after refusing to allow the continuance,, that the party had sullerrd by the absence of counsel, aud from his inability to procure any important documentary evidence that had been placed in the hands of such absent counsel, an appeal should have been made on this ground to the court trying the case for a new trial. That court was better qualified for deciding the question whether the party had not liada fair trial on tlie merits of his case for the want of such evidence, and could have decided whether diligence had been used in efforts to obtain it from tire counsel with whom it liad been deposited. But it does not appear that any such papers were wanting on the trial; and the case was on the part of .the appellants ably.represeiited by counsel who contested every ground of the plaintiff’s cause of action, and reserved every question ruled against the defendants for the revision of this court. It is not, therefore, perceived nor believed that the appellants sustained any injury from the absence of the able counsel originally employed. The absence of necessary papers is the strongest ground offered for a continuance, but the showing was not sufficient if such grounds would,, in general, be good. The affidavit should have stated what was the purport of such papers to have enabled the court to have determined on their importance.
The second assignment is, that the court erred in overruling the defendant's-general and special exceptions to the plaintiffs’ petition.
This assignment presents three distinct propositions. The first is, that an. original suit in the District Court is not the mode intended' by the statute for revir-iug and correcting the proceedings of the Probate Court in matters relating to the settlement of guardians'; secondly, that the suit was not instituted within the time prescribed by the statute, after the settlement made with *266 the Probate Court by the guardians; and, thirdly, that the petition shows no cause oí action.
To the first, it may be answered that the right of a party interested in an •estate to bring suit against the administrator in the District Court lias been several times recognized by (his court, (see Wilson and Wife v. Chevaillier, Adm’r, 1 Tex. R., 161; and Bryan v. Dobbin, 5 Tex. R., 276 ;) and that tlie right to obtain a writ of certiorari, provided by our act of 1848, does not take away the right (o sue by an original suit in tlie District Court, proceedings under Unit statute being really an original proceeding, and tlie allow.ance of a certiorari designed only to bring up the record of the Probate Court to be used in tlie District Court, as far as may be necessary to a fair investigation and trial of tlie case in tlie District Court, on tlie trial da novo.
To tlie second tlie answer may be, first, that tlie statute did not begin to run in favor of the guardian on tlie appointment of a new guardian, but from his final settlement with the Probate Court, and that commencing there the bar was not completed at the commencement of the suit; and, secondly, that as the new guardian was the wife of the former, he could not avail himself of the laches of his wife not suing him, nor claim tlie statute until the disability of the coverture of the wife, or the infancy of the ward (which appears from tlie record) had boon removed, especially as the new guardian was his wife.
The third proposition embraced in the assignment wc have been discussing •clearly .is against the appellant; the petition does set out a good cause of action.
The third assignment of error is tlie overruling tlie exceptions of the defeud-•auts to the introduction of the depositions of Polly McIntosh, Beniamin Marshall, William Drew, Jeremiah Cates, and Daniel McIntosh, as evidence, and in permitting tlie same or any of them to be read in evidence. The ground of tliis exception is, that the notice to the opposite party showed that the witnesses lived in tlie Creek Natiou, whilst the commission was directed to tlie clerk of tlie Circuit Court of Crawford county, in Arkansas, before whom, in tlie said court, tlie depositions were taken. Tlie notice was that tlie witnesses’ depositions would betaken before tlie aforesaid clerk in tlie said county and State. We cannot believe it to be very material where tlie permanent residence of the witness may be, further than to inform the opposite party of tlie identity of the witness whose deposition is to be taken. The place and person before whom it is to be taken are more essential to be known. And as to the witnesses residing in the Creek Nation it may have been more convenient to attend before tlie officer designated and before whom the •depositions were taken (.han to have attended before any other competent authority for taking the depositions. Again, if we can judicially know that tlie Creek Nation, as denominated in the notice, is not within the territorial limits of the county of Crawford, in the State of Arkansas, we can also know the difficulties that would be presented in having the depositions properly taken and authenticated within the known limits of the Creek Nation; and that the comity ■of Crawford, from its proximity to the nation, would afford greater facilities within its limits for having tlie testimony taken and authenticated if the witnesses would give their attendance before the officer at tlie place designated voluntarily, because there could be no compulsory process to enforce their .attendance.
But the exception, if material, seems to come within the provisions of article 733 of the Digest, which is as follows: “No objection to the form of depositions “or to tlie manner of taking them in any suit shall be heard, unless they are “in writing and notice thereof is given to the opposite counsel before the trial •“of tlie suit commences, provided said depositions shall have been filed in tlie “court at least one entire day before the day on which tlie trial commences.” It does not appear that tlie objections were taken under the provisions of the statute, and they were rightly overruled.
Tlie fourth assignment is to the overruling defendant’s exception to the reading of tlie answers of Holly McIntosh and others to tlie second interrogatory to him and them propounded, and to the introduction of tlie copy of the *267 testamentary law of the Creek Nation, marked “Exhibit B.” It appears from the record that when tlie evidence was offered to be read the appellants ■objected ¡o its being- read, without stating any grounds of their objection. It may have been to the manner or form ; and if so, notice should have been given by filing the exception under article 733 of the Digest, cited above. Objections to evidence ought, at the time, show the grounds of tlie objection. If this was not required an objection might be raised in this court that had l-eally never been presented to the court below. If testimony appears to be competent testimony, tending to jrrove any material fact alleged, and it is objected to, the court should be poiuted to the particular ground of tlie objection. This has been tlie acknowledged doctrino of this court. This view of the objection presented by this assignment will embrace tlie objections presented by tlie appellants’ assignments, 5, G, 7, 8, i), 10, 11, inclusive. The objection'was general. We do not wish it to he understood that the objections taken in this court, if they had been taken in the court below, would liave been valid. We only decide that not having been made specially and with certainty at tlie time the evidence was received, they cannot be l-aisecl here.
The twelfth assignment of error is, that tlie court erred in refusing to charge the jury that if a foreign written law had been proven, and a custom conflicting with the written law, they are bound by the written law.
The court did not err iu refusing- to give tlie second charge prayed, because it was abstract and not applicable to the facts in proof, and courts arc not bound to respond to an abstract proposition. -It assumes a conflict, when none is shown by tlie evidence.
The thirteenth assignment is, that the court erred in refusing to charge the jury, “That the terms ‘nearest relatives,’ used in a law as applied to the dis- “ tribution of property, does not exclude tlie mother and g-ive a preference to “brothers and sisters.” This charge prayed by the appellants is obnoxious to tlie same objection as the preceding one. It presents ail abstract proposition. Had tlie court been called upon to give a construction to a statute of our own State using those terms, and the evidence and the cause of action required a construction, it should have been given; but it is not shown what law is meant, or wliat relation it is to the case, and the charge was therefore properly refused.
The fourteenth assignment is but a repetition of tlie last, and need not be further noticed.
The fifteenth assignment is, that tlie court erred in charging tlie jury as to what was tlie law of the Creek Nation of Indians in Arkansas in 1833 and 1834. Tlie appellants, (defendants,) on the trial in the court below, asked the court to instruct tlie jury wliat was tlie law of the Creek Nation of Indians iu Arkansas in A. I). 1833 and 1834. This was the fourth instruction asked. The three first have been noticed by us. The record of the hill of exceptions shows that, as to the last, the court charged the laws of the Creole Nation as asked, ■and this bill of exceptions was signed by the presiding- judge.
The hill of exceptions shows that the charge was given as asked; hut tlie manner in which it was asked does not furnish any satisfactory information of what tlie defendants asked. Had they asked the charge of the court that tlie law was this or that, tlie record showing that the clnirge was made as asked would have been certain enough. But the court was asked to charge the jury wliat was the law of the Creek Nation, not what it was on any particular subject. And the court surely could not be called upon to charge .the jury on the whole corpus of jurisprudence of the Creek Nation. But the court responded to the request, as will appear from the following- extract from the statement of facts iu the record, page 95 : “The court, in charging on the fourth point “prayed, charged that tlie law of tlie Creek Nation of Indians iu 1833 and 1834 “was, where a person died intestate, possessed of property, never having been -“married and without issue, tlie brothers ami sisters inherited the property in “exclusion of other relatives, and refused to charge tlie other three points as •“prayed for, to which charge as to the other three tlie defendants excepted.
*268 “The court had charged the jury upon the law of the case before the “defendants’ attorney requested the above charge, and had left it witli the “jury, under the proof, to say what was the law of the Creek Nation of Indi-“aus at the time of the death of William Hawkins, which course taken by the “court was at the request of the plaintiffs, and was not objected to at the “time. But after said first charge was given the defendants asked the court “to charge the jury as appears in said writing above inserted.” It is not material to inquire how far we look to the statement of facts to ascertain the charge of the court, or its refusal to charge when presented by a bill of exceptions that makes no reference to trie statement of facts, because, let the hill of exceptions and statement of facts be connected intimately as appellants could ask, they cannot make it available, because it shows that the charge was made-at the defendants’ request, and not excepted to. This only excepted to the-refusal of the court to give the three first charges asked, but did not except to-the one given. They were, therefore, satisfied with it, and cannot now rely on it for a reversal of the judgment.
The sixteenth assignment presents the same point as the preceding one, and need not be further noticed.
The seventeenth, and last, is that the court erred in not granting a new trial on the motion of the defendants (the appellants.) On a tedious' but patient examination of the record, we can perceive nothing to authorize a disturbance of the verdict of the jury, and believe, therefore, the court below did not err in refusing to grant a new trial, and tile judgment is affirmed.
Judgment affirmed.
Note 98. — Chilson v. Reeves, 29 T., 275.
Note 99. — Croft v. Rains, ante 520.