JOEL PONTON v. D. C. BELLOWS AND OTHERS.

Suit may be brought in the District Court, by the heirs, to revise and correct a final settlement made by an administrator in the County Court, and at the same time, to recover a judgment against him and the sureties on his bond, for whatever amount may be due upon such revision.

Had it been improper to have joined the sureties in such a proceeding, the correct practice, on a special exception for such misjoinder, would have been, to dismiss the suit as to the sureties, and retain it as to the administrator.

The sureties being liable for such amount as might be found due from the administrator, upon a revision of his final settlement, were proper parties, under the ordinary rule established in our practice, "that all persons interested in the subject matter, or having an interest in the object of the suit, "ought to be made parties."

APPEAL from Lavaca.  Tried below before the Hon. Fielding Jones.  The facts are sufficiently apparent from the opinion.

*Smith*, for appellant.

*Holt* and *Jones*, for appellee.

ROBERTS, J.  The object of this suit is to revise and correct the final settlement made in the County Court, by Bellows and wife, as administrator and administratrix of the estate of Andrew Ponton, deceased, and at the same time, to recover a judgment against the sureties on their administration bond, as well as against Bellows, for such amount as may be adjudged to be due to the heirs of said Andrew, upon such revision.

The court below dismissed the petition, upon the ground, that the said sureties could not be joined in this proceeding.  This ruling was upon a .special exception, raising that question.

The heirs, through their guardian, certainly had a right to have this settlement revised by a proceeding instituted in the District Court, as against the administrator.  (Hart. Dig. Art. 809; Hagerty v. Scott, 10 Tex. Rep. 525.)

Had it been improper to join the sureties, as co-defendants in this proceeding, the correct course to have been taken on this special exception, would have been, to dismiss the suit as to the sureties, and retain it as to the administrator, who was sued. (Dobbin v. Bryan, 5 Tex. Rep. 276.)

We are not of opinion, however, that it was improper to join the sureties in this suit. The District Court had ample power to sustain it as an original proceeding against the administrator, the estate having been closed within two years, and the administrator having been discharged from his trust. (Hagerty v. Scott, 10 Tex. Rep. 525; Chevallier v. Wilson, 1 Id. 161; Ray v. Parsons, 14 Id. 370; Poag v. Rowe, 16 Id. 590; Moore v. Hardison, 10 Id. 467; Hart. Dig. Art. 807-8-9.)

The sureties were liable for such amount as might be shown to be due and recoverable from the administrator, upon a revision of this final settlement of the estate, and were proper parties under the ordinary rule established in our practice, "that all "persons materially interested in the subject matter, or all per- "sons having an interest in the object of the suit, ought to be "made parties." (Sayles's Pr. § 154.) By this course, a second action is avoided, and the sureties are allowed immediately and directly to contest the plaintiff's demand, which is to their advantage, rather than otherwise. Such is the view taken of this subject, by this court, in the case of Francis v. Northcote, 6 Tex. Rep. 185. Judgment reversed and cause remanded.

Reversed and remanded.