A. B. FRANK & Co. v. K. O. DE LOPEZ ET AL.

No. 65.

**1. Administration of Community Property — Suit on Bond.—A** creditor may sue upon a claim allowed by the survivor, administering the community, in any court having jurisdiction of the amount. Such suit may be maintained upon the bond executed by such survivor.

**2. Same—Pleading—Effect of Approval of Claim.—**In a suit on the bond of a widow administering the community of herself and deceased husband, for the amount of a promissory note and an open account, both alleged to have been allowed and approved, it is not necessary to allege that the deceased became liable by the execution of the note, or to give the items, etc., of the account. The allowal of the claims by the widow relieves the plaintiff from the necessity of proving the items of the account.

3. Same.—The law does not require the survivor of the community estate to allow claims, nor contemplate their approval by the county judge. Such allowance and approval do not merge such claim into a judgment.

4. Same—Pleading.—In suit upon such allowed claim by a creditor it is not necessary to allege the class of the claim, when the petition alleges assets largely above liabilities, and that they had been squandered by the defendant.

5. Same — Statutes Construed. — There is nothing in article 2176, Revised Statutes, that expressly confines the creditor to the remedy there given. A creditor may sue upon the bond, whenever its terms are broken, to recover his claim, in any court having jurisdiction of the amount.

APPEAL from County Court of Wilson. Tried below before Hon. A. G. PICKETT, County Judge.

*B. F. Ballard*, for appellant.— 1. The Probate Court has limited jurisdiction only to settle and transact all business pertaining to estates of deceased persons, minors, lunatics, and to probate wills, etc. Const., art. 5, sec. 16; Rev. Stats., arts. 1789–1793, 2469, et seq.

2. The Probate Court has no authority to render judgments on notes and accounts, to investigate fraud, and determine and enforce the rights of parties in such cases; nor to render judgments enforcing the rights of defrauded creditors of estates, by execution or otherwise. Huppman v. Schmidt, 65 Texas, 585.

3. The principle or doctrine of res adjudicata or pendency of another suit can only be urged in bar, as to the action or judgment of a court having jurisdiction to determine and enforce the rights of parties to the controversy.

4. The allowance and approval of a claim by the Probate Court is a quasi judgment, only establishing the justice of the claim, but furnishing no means of collection. Pitner v. Flanagan, 17 Texas, 7.

5. The remedy for the creditor provided by articles 2176 to 2180, Revised Statutes, is additional only to the remedy which always existed, and does not by its terms or by implication exclude any other remedy. The appropriation by the administrator of the assets which the law gives the creditor as a fund from which his claims are to be paid, is the foundation of a suit against him; and the District or County or Justice Court has jurisdiction of the subject matter, and suit may be at once brought in said court without first establishing the right to sue in the Probate Court. Rev. Stats., arts. 2172, 2181; Huppman v. Schmidt, 65 Texas, 585; Leatherwood v. Arnold, 66 Texas, 416; Carter & Rust v. Conner, 60 Texas, 55; Green v. Raymond, 58 Texas, 81; Bergstroem v. The State, 58 Texas, 92; Evans v. Taylor, 60 Texas, 422; Hollingsworth v. Davis, 62 Texas, 438.

FISHER, CHIEF JUSTICE.—March 13, 1890, appellant instituted this suit in the County Court of Wilson County against appellees. General and special demurrers were addressed to the petition. The court below

sustained all of the demurrers, and appellant declining to amend, his action was dismissed.

The petition is as follows:

"Your petitioners, A. B. Frank & Co., a firm transacting a commercial business in the city of San Antonio, county of Bexar, State of Texas, and composed of A. B. Frank, who resides in the county of Bexar, and M. Goldfrank and Simon Lavenberg, who reside in the State of New York, herein after styled plaintiffs, complaining of Karolina O. de Lopez, who resides in the county of Wilson, and of John Kusch and George Schroeder, who reside in the county of Bexar, State aforesaid, and who will herein after be styled defendants, shows unto your honor:

"1. That heretofore, to-wit, on the 9th day of August, 1888, Benito Lopez died in Wilson County, leaving an estate of himself and his wife in said county.

"2. That the said Karolina O. de Lopez was his lawful wife at the time of his death, and after the death of said Benito Lopez made application to the honorable Probate Court of Wilson County to be appointed administratrix of the community estate of herself and her said deceased husband.

"3. That subsequently, to-wit, on the 15th day of January, A. D. 1889, said Karolina O. de Lopez, as principal, with the other above named defendants as sureties, executed and delivered to the county judge of Wilson County, Texas, her bond as said administratrix, conditioned as required by law, and that said bond was duly approved by said county judge on the 16th day of January, A. D. 1889.

"4. That said Karolina O. de Lopez also returned and filed in said Probate Court on the 6th day of October, A. D. 1888, an inventory, appraisement, and list of claims of said estate, which were duly approved by said county judge on the 6th day of October, A. D. 1888, thereby investing said Karolina O. de Lopez with the right to control, manage, and dispose of the community estate of herself and her said husband as she pleased, being responsible on her said bond for any mismanagement of said estate.

"5. That the said Karolina Lopez had executed another bond, with N. de los Santos as one of the sureties, before the filing of said inventory and appraisement, at whose request, made to the County Court, she was compelled to file a new bond, which she did, with the sureties aforesaid.

"6. That the said Benito Lopez and Karolina O. de Lopez possessed at the time of the death of said Benito Lopez a large amount of community property, which said Karolina Lopez took possession and control of as said administratrix upon her qualification as aforesaid.

"7. That said community estate consisted of personal and real property of great value, to-wit, $13,085.85, and of a large amount of good and collectible claims due said estate, to-wit, of the value of $4719.72, all of which appears by the inventory, appraisement, and list of claims

returned into said court and sworn to by said Karolina Lopez and the appraisers of said estate, to-wit, Antonio Flores, N. de la Zerda, and W. A. Scott.

" 8. That the indebtedness of said estate is far less than the assets, to-wit, the sum of $8500.

" 9. That Benito Lopez was indebted to plaintiffs at the time of his, said Lopez's, death, as follows, to-wit, on a promissory note signed by said Benito Lopez, payable to A. B. Frank & Co., at their office in San Antonio, Texas, for the sum of $175.35, dated November 1, 1887, payable ninety days after date, with interest at 12 per cent from date and attorney fee of 10 per cent. That said note was credited with the sum of $100 January 24, 1888, leaving a balance due plaintiffs on the 16th day of October, 1888, of $87.35, which was allowed as a claim against said estate by said Karolina Lopez, and approved by said county judge for said sum of $87.35, and to bear interest at 12 per cent from October 16, 1888. That there is now due and owing on said claim to plaintiffs the sum of $102.20, which said note is filed in the papers of the said estate and is referred to and made a part hereof. Also, said Benito Lopez was indebted to plaintiffs for goods, wares, and merchandise sold and delivered to said Benito Lopez in his lifetime at divers dates on an account, on which there was due on the 21st day of August, A. D. 1888, the sum of $394.57. That said account was allowed as a claim against said estate by said administratrix, and approved by the county judge of Wilson County for the said sum, and there is now due on said account the sum of $447.18. Said original itemized account is filed in the papers of said cause by defendant, and is hereby referred to and made a part hereof.

" 10. That plaintiffs are the owners of said claims, and no part thereof has been paid.

" 11. That more than one year has elapsed since the filing of said inventory, appraisement, and list of claims.

" 12. That said administratrix has failed to faithfully and properly administer said estate, and has wasted and misapplied the assets and property of said estate; has sold valuable real estate at far less than its value, and has failed to diligently collect the claims due said estate, and has not paid any of the debts of said estate, and has squandered and misapplied the assets of said estate, sufficient in amount to pay plaintiffs' and all other claims against said estate. And still there is property of said estate liable for plaintiffs' debts, not disposed of.

" Wherefore plaintiffs bring this suit and pray for citation as the law directs, and on a final hearing for judgment for their said claims, the amounts aforesaid, with interest due thereon, and for such other relief as in law and equity they may be entitled to."

The demurrers are as follows:

" Now come defendants in the above entitled cause, by their attorney, and say, that this court hath no jurisdiction to try this cause, because:

" 1. Plaintiffs' petition shows, that previous to the institution of this suit, they instituted in the Probate Court of Wilson County a suit upon the same cause of action against these defendants, and that said suit is still pending.

" 2. Plaintiffs' petition shows, that prior to the institution of this suit plaintiffs presented the claims herein sued on to the defendant K. O. de Lopez, as administratrix of the community estate of herself and Benito Lopez, deceased; that said claims were by said administratrix allowed; that said claims were afterward approved by the county judge; and that by virtue of such allowance and approval, said claims were merged into judgment of the said Probate Court of Wilson County against these defendants, and can not now be sued upon, there being no warrant of law for a second suit between the same parties on the same cause of action.

" 3. Plaintiffs' petition shows on its face, that all questions sought to be decided in this suit are res adjudicata in a court of competent jurisdiction.

" 4. That plaintiffs having, as shown by their petition, voluntarily submitted to the jurisdiction of the honorable Probate Court of Wilson County, said court being of competent jurisdiction, can not legally institute another suit between the same parties for the same cause of action in a court of this State of an entirely different jurisdiction, but must seek all their redress in the court first chosen.

" 5. Plaintiffs' petition shows, that there is an administration of the community estate of K. O. de Lopez and Benito Lopez, deceased, and pending such administration no other court except the Probate Court of the county in which said administration is pending has jurisdiction to render a judgment on claims for money against said estate, in the absence of an allegation by the plaintiffs that said claims have been presented to and rejected by the administratrix, and no such allegation appears.

" Wherefore defendants say, that this court hath no jurisdiction over either persons of defendants or the subject matter of this suit, and they pray judgment of the court dismissing them with their costs.

" Should defendants, however, be held to further answer, then they demur to plaintiffs' petition, and say the same is not sufficient in law or equity to hold these defendants to answer; and for special exceptions to said petition defendants say:

" 1. Said petition fails to show that the claims sued on were ever rejected by the defendant K. O. de Lopez as administratrix.

" 2. Said petition shows that there is another suit pending in this State between the same parties for the same cause of action.

" 3. Said petition does not set out the items of the account sued on.

"4. Said petition does not allege to what class the claims sued on belong.

"5. Said petition does not allege and show that all claims against said estate entitled by law to priority of payment have been paid, or that there is property of said estate subject to execution sufficient to satisfy not only the claims sued on but as well those entitled to priority of payment.

"6. There is no allegation in plaintiffs' petition of any finding by the Probate Court of Wilson County, Texas, of such facts as would authorize this action.

"7. The allegations of the petition show, that plaintiffs are creditors of the community estate of K. O. and Benito Lopez, and there is no warrant of law for suit by them against the defendant K. O. de Lopez and her sureties, without first having sought the judgment of the Probate Court as to whether the facts would authorize such suit."

We believe the petition states a cause of action. The petition does not meet the test ordinarily required in stating a cause of action upon a promissory note and open account. It does not allege that Benito Lopez became bound by reason of the execution and delivery of the note; nor does it set out the items constituting the account or give a bill of particulars of the amounts and items, but refers to an account filed in the papers in the case, showing the several items thereof. The same degree of certainty is required in stating a cause of action against appellee as the representative of the Lopez estate, in seeking to establish a debt against it, or in seeking to make appellees liable for the payment of the claim, as would exist in seeking a recovery against Lopez if he was alive and a party to the suit. But the want of allegations in the respects noticed is cured by the averments of the petition which charge that the appellees allowed and approved the claims sued upon. We know of no law that requires the survivor of the community estate when so administered to allow and approve a claim, nor does the law require such action by the county judge as in other administrations, and the effect of the allegations that the claims were allowed by the appellee, the survivor of the community estate, and approved by the county judge, would not have the effect of merging said claims into a judgment, as would be the effect in a regular administration under the statute; but the effect of such allegations would be, if true, that appellee admits liability upon the note and account sued upon. It is similar to a cause of action based upon an account stated. The fact that the amount has been admitted or agreed upon, relieves the plaintiff from the necessity of proving the items constituting the basis of his claim.

The petition does not state to what class the plaintiffs' claim belongs. The law requires that the survivor of the community, when administering

the estate, shall pay claims in the order in which they are classed, and a demurrer questions the petition for its failure to so state. This allegation was not required to be made under the facts as pleaded.

It appears from the averments that the survivor of the community received assets of the estate largely in excess of the debts of the estate, and that she has misapplied and squandered property of the estate in value much more than all of the debts due by it. The petition seeks to recover of her and her sureties on her bond the amount of debts sued upon; alleging that the waste and misapplication of the property of the estate creates a breach of the bond. The fact that the administratrix has violated the terms of the bond by squandering and wasting property of the estate in value far in excess of all the debts due by it, renders it unnecessary to state to what class the claim belongs, as such facts show the appellees are liable for the claims sued upon as well as all other debts due from the estate.

It does not appear from the record what was the principal reason why the court below held the petition defective and why it sustained all of the demurrers; but from the manner in which the case is presented here, we are inclined to believe that the court below sustained the demurrers upon the ground that the County Court had no jurisdiction to render the judgment asked, and that if the plaintiffs had a remedy, it was on the probate side of the docket, as given by articles 2176, 2177, and 2178 of Sayles' Civil Statutes.

The petition charges a devastavit and appropriation of the assets of the estate by the administratrix of the community, and a failure to pay the claims sued upon, and her and sureties' consequent liability therefor. We are of opinion that these facts authorize a remedy by suit against her and the sureties on her bond in any court that has general jurisdiction of the amount involved in the suit.

We do not believe that the remedy provided by article 2176 of Sayles' Civil Statutes was intended to be exclusive, but was simply intended as a remedy cumulative of others that exist by virtue of the jurisdiction conferred upon the courts. Such is evidently the construction placed upon the law by the case of Huppman v. Schmidt, 65 Texas, 585, although the controversy there was between distributees of the estate and the survivor administering the community estate and his bondsmen.

There is nothing in article 2176 that expressly confines the creditor to the remedy there given. It simply provides a method of ascertaining the condition of the estate and if the facts exist that authorize the creditor to sue. The survivor when administering the community estate is free from the control of the Probate Court, and acquires over the property of the estate the same right of management, control, and disposition possessed by a managing partner during the life of the partnership. How the trust shall be administered, the law does not direct. Leatherwood v. Arnold, 66 Texas, 416.

The bond required of the survivor administering the estate is for the protection of creditors and others interested in the estate. And when its conditions and terms are violated to the injury of the creditor, he has the right to go into any court that has jurisdiction of the amount, as is provided for other litigants, and determine his rights there, and is entitled to all the rights and privileges granted other litigants. The facts that he has a claim against the estate and that it is unpaid, and that circumstances have arisen that make the survivor of the community and her sureties liable for its payment, are facts that can only properly be adjudicated in a court that has jurisdiction over the subject matter of the suit; and in ascertaining if these facts are true, it is a valuable privilege that the parties have in having them passed upon by the verdict of a jury. This they can not do if the jurisdiction of the Probate Court is exclusive as given by articles 2176, 2177, and 2178 of Sayles' Civil Statutes.

Without extending the argument further, we hold that the County Court had jurisdiction, and that the court erred in sustaining the demurrer. Judgment reversed and cause remanded.

*Reversed and remanded.*

Delivered January 25, 1893.