## W. McGILLIVRAY ET AL. v. N. H. EGGLESTON ET AL.

### No. 613.

**Jurisdiction of County Court—Partition of Community Estate.**

The County Court has jurisdiction to decree partition of community estates after the lapse of twelve months from the filing of the bond by the survivor, just as in other administrations.

APPEAL from Gonzales.   Tried below before Hon. T. H. SPOONER.

*McNeal, Harwood & Walsh,* for appellants.—The County Court has the general jurisdiction of a probate court for the transaction of all business appertaining to the estates of deceased persons, including full power to adjudicate all matters pertaining to the settlement, partition and distribution of such estates.   Const. Texas, art. 5, sec. 16; Rev. Stats., art. 1789; Huppman v. Schmidt, 65 Texas, 585; Guy v. Metcalf, 83 Texas, 39; Pressler v. Wilke, 84 Texas, 344.

*George F. Burgess* and *W. W. Glass,* for appellees.—The County Courts have no jurisdiction to partition lands except in a probate proceeding.   Rev. Stats., arts. 1117, 3466, 2183, and chapter 25; Huppman v. Schmidt, 65 Texas, 583.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellees, N. H., J. W. and E. H. Eggleston, against the appellees, Wm. McGillivray, his wife, S. H. McGillivray and Pearl and Noel Minter, in the ordinary form of an action of trespass to try title, to recover possession of two hundred and five acres of land situated in Gonzales County.   The land is in two tracts—one of one hundred and six, and the other of ninety-nine acres, and is a part of the Andrew Zumwalt league.

The appellants, defendants below, plead not guilty, and specially that in a proceeding had in the County Court of Gonzales County, wherein certain property (including that in controversy), owned in common by one B. F. Minter, Thos. P. and J. W. Eggleston, was by a decree of said court petitioned among the owners, the land sued for was awarded to

said B. F. Minter, through whom the appellants claim; and further, that the appellee, J. W. Eggleston, is estopped, by reason of having disposed of the property awarded to him in said proceeding, from asserting title to any of the property involved in this suit.

The case was tried without a jury and judgment rendered in appellees' favor for one-fifth interest in the hundred and six acres tract, and for a half interest in the other; from which judgment this appeal is prosecuted.

It seems from the record that 450 acres of the A. Zumwalt league, including the land in controversy, was acquired during the marriage of B. F. and Sarah A. Minter, as community property; that Sarah A., by her last will and testament, which was duly probated, devised her interest in all the property to her grandsons, Thomas P. and J. W. Eggleston; that her son, N. H. Eggleston, one of appellees and father of said devisees, was appointed and qualified as executor of the will; that when Sarah A. died, B. F. Minter qualified under the statute as her surviving husband, and took charge of and proceeded to administer their community estate; that Thomas P. Eggleston died subsequent to his grandmother, leaving his father and mother (appellees N. H. and E. H. Eggleston) surviving him.

B. F. Minter, after the death of his wife, Sarah A., married again; some years afterward he died, leaving his wife and two children by her surviving. His last wife is the appellant, S. H. McGillivray, now the wife of William McGillivray. His two children by the last marriage are the appellants, Pearl and Noel Minter, who are minors.

The appellees claim the property through the will of Sarah A. Minter, deceased—J. W. Eggleston directly as one of the devisees, and N. H. and E. H. Eggleston as heirs of their son, Thomas P. Eggleston, the other devisee.

The appellants claim as heirs of B. F. Minter, deceased.

The defendants, after proving the death of Sarah A. Minter and that, as her surviving husband, B. F. Minter, had filed bond, an inventory and appraisement of the community property of himself and deceased wife in the County Court of Gonzales County, the number of said survivorship being 725 on the probate docket of said court, offered in evidence a certified copy of a judgment rendered in said court on September 20th, 1884, in a cause numbered 390, and styled Thomas P. Eggleston et al. v. B. F. Minter, by which the community estate of S. A. Minter, deceased, and B. F. Minter, was partitioned between Thomas R. and J. W. Eggleston and B. F. Minter. The judgment showed that among other property, 250 acres of the A. Zumwalt headright, situated in Gonzales County, was set aside to Thomas P. and John W. Eggleston, and that all the land involved in this suit was awarded to B. F. Minter.

In connection with and in explanation of this judgment, the defendants offered in evidence the plaintiff's original petition and the defendants' original answer in the cause wherein the judgment was rendered. The petition was addressed to the County Court of Gonzales County,

September Term, 1884; the petitioners were Thomas P. and John W. Eggleston, who stated in their petition that they sued through and were represented by their father and natural guardian, N. H. Eggleston, and was against B. F. Minter. It alleged "that on the 25th day of February, 1880, Sarah A. Minter, who was the wife of defendant, died in Gonzales County, seized and possessed of a community interest in and to property real and personal as shown by an inventory attached, marked Exhibit A, and made a part of the petition" (the inventory shows 450 acres of land of the A. Zumwalt league situated in Gonzales County); "that prior to the death of Sarah A. Minter, she made and published a certain will wherein she conveyed to plaintiffs all the property of which she was possessed; that after her death the will was duly probated by the County Court of Gonzales County; that on the —— day of January, 1882, the defendant, B. F. Minter, qualified as survivor to administer on the community estate of S. A. Minter and himself; that the estate aforesaid has been under the control and management of the defendant since the date aforesaid; that the debts of the estate have long since been paid off and discharged; that the property described in the inventory hereto attached still remains in the hands of defendant, and has never been partitioned among the heirs of Sarah A. Minter, although a partition has been often demanded; that plaintiffs, together with the defendant, are the only heirs of Sarah A. Minter, deceased, and that the property aforesaid is situated in Gonzales County, and that plaintiffs are justly entitled to one-half of it, each being entitled to one-fourth interest therein. Plaintiffs pray that defendant be cited to answer this petition; that defendant be required to give a full, fair and complete account of how he has managed and disposed of the community estate; that a decree be granted giving a partition of said property, etc."

The answer offered in evidence of the defendant in said suit attaches the inventory and appraisement of said community property, and seemingly gives a full account of his administration of the estate.

Upon objection of plaintiffs' counsel, the court refused to admit in evidence said judgment of partition, and the pleadings in the cause wherein it was rendered, upon the ground "that it appeared from the judgment that it was void and conferred no right on defendants, and was subject to collateral attack, and because it was rendered not in any probate proceeding whatever, but was an independent suit in the County Court for partition."

Appellants' assignments of error question the correctness of the rulings of the court in rejecting the evidence offered.

Article 2183, Revised Statutes, provides that, "After the lapse of twelve months from the filing of the bond by the survivor, the persons entitled to the deceased's share of such community estate, or any portion thereof, shall be entitled to demand and have a partition and distribution thereof in the same manner as in other administrations." Under this article it has been held by the Supreme Court that, after the lapse of twelve

months, the heir of the deceased partner may have distribution of the estate under the supervision of the County Court. Huppman v. Schmidt, 65 Texas, 586. In considering the jurisdiction of the County Court to administer a community estate, the Supreme Court, in Pressler v. Wilke, 84 Texas, 345, said: "The Revised Statutes *  *  * do confer some jurisdiction upon the County Court in such cases. The survivor is required to file a written application, and it is made the duty of the court to appoint appraisers. The court is also required to pass upon the inventory and to approve or disapprove it. Any person interested may require a new appraisement to be made or a new bond given. A remedy is provided for creditors in order to enforce their demands against the community estate; and it is also provided, that after the lapse of twelve months from the filing of the bond of the survivor the heirs shall be entitled to demand and have a partition and distribution of the estate in the same manner as in other administrations." The manner of partition and distribution of estates in other administrations is by statute fully provided for in the County Court in which the administration is pending, and, in our opinion, it is clear that the statute quoted contemplates that a community estate may be partitioned in the County Court in which the survivor has filed bond and inventory in the same manner; thus recognizing the jurisdiction of the County Court to decree partition in such estates. The evidence offered by the appellants to show that the jurisdiction of the County Court of Gonzales County was invoked and exercised in the partition and distribution of the community estate of B. F. and Sarah A. Minter, and that by a decree of said court the property in controversy was awarded to B. F. Minter, and that certain other property of the estate was allotted to Thomas P. and J. W. Eggleston, as the devisees of Sarah A., was erroneously excluded. It would, if admitted, have shown a complete defense to plaintiffs' action. As the decree of partition was by a court of competent jurisdiction, it could not collaterally be impeached on account of irregularities.

It occurs to us that unless they account for the two hundred and fifty acres of land set aside to them in the decree of partition, in the absence of which appellants would be entitled to half, the appellees would be in a very poor position to attack the judgment of the County Court, even if it could be done collaterally.

As the evidence upon which appellants' defense rests was excluded, we do not feel authorized to consider it for the purpose of rendering final judgment here. Therefore, on account of the errors indicated, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 5, 1895.