## COX et al. v. GAINES et al.
### No. 7629.

Court of Civil Appeals of Texas. Austin.

Nov. 18, 1931.

Rehearing Denied Jan. 6, 1932.

Baker & Baker, of Coleman, for appellants.

Wilkinson & Wilkinson, of Brownwood, for appellees.

McCLENDON, C. J.

Appellant Mary E. Cox (her husband joining pro forma) sued appellees (her father and brothers and sisters) in the district court to partition the community estate of her father and deceased mother. The suit was filed November 1, 1930, and it was alleged that on December 12, 1927, her father had taken out community administration upon the estate. The trial court sustained a general demurrer to the petition and a special exception there-

to urging want of jurisdiction in the district court because of the pendency of administration in the county court. Appellant declined to amend, and the suit was dismissed. From this judgment, the appeal is taken.

Appellees urge two propositions in support of the trial court's judgment:

1. That since the petition showed on its fact that community administration had been taken out in the county court, that court had exclusive jurisdiction in the matter of partition.

2. That, even without such allegation, the district court was without jurisdiction, in the absence of an allegation that no administration was pending and no necessity therefor existed.

Numerous authorities are cited in support of these propositions. None of them, however, relates to community administration.

R. S. 1925, art. 3681, reads:

"After the lapse of twelve months from the filing of the bond by the survivor, the persons entitled to the deceased's share of such community estate, or any portion thereof, shall be entitled to have a partition and distribution thereof in the same manner as in other administrations."

There are several cases which hold that the county court has jurisdiction to partition under this statute. Huppman v. Schmidt, 65 Tex. 583; McGillivray v. Eggleston, 11 Tex. Civ. App. 35, 31 S. W. 539.

In the Huppman Case, which was brought in the district court, discovery and accounting in addition to partition were sought, plaintiffs alleging a false inventory and conversion of a part of the estate. It was held that the district court had jurisdiction. We quote from the opinion:

"If the heirs of the deceased partner invoke the jurisdiction of the probate court to effect a distribution, when a survivor has fraudulently concealed or squandered their inheritance, that jurisdiction may discover, but cannot remedy, the wrong. The bond, their only source of indemnity, must be proceeded upon in the court having jurisdiction of the amount. If the allegations of the plaintiffs' petition are true, a proceeding in the county court would be an idle ceremony. In cases in which the trust has been fairly and discreetly managed, an accounting and division would be complete redress, and this could be had in the probate court. But, even then, why should that be regarded as an exclusive jurisdiction? The survivor may settle with the heirs, without the aid of any court— but if he refuses to settle, in providing that the distributees may have partition in the county court, there is no implied denial of any other remedy. There is nothing in the act expressly confining the parties to the

remedy it authorizes. The act of 1848 (Hartly, art. 1215, sec. 106) authorized the county court to partition between any joint owner and the estate in process of administration any property jointly held to be governed by the rules and regulations applicable to the ordinary partition and distribution of estates. In Ellis v. Rhone, 17 Tex. 131, this statute was held not to confer upon the county court exclusive power, nor to affect the concurrent jurisdiction of the district court to accomplish the same purpose.

"If the district court now has the requisite power under the constitution, its exercise is not prohibited by the article of the Revised Statutes, which confers upon the county court the same authority.

"We think the jurisdiction of the district court is quite indubitable. Its general jurisdiction is given in the very language of the constitution of 1845, changing only the amount. It embraces all 'suits, complaints and pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest.' Constitution of 1845, sec. 10, art. 4; Constitution of 1876, art. 3, sec. 8. In Newson v. Chrisman (9 Tex. 113), this language was held to vest in the district courts all the powers possessed by both common law and chancery courts in England, not incompatible with the organic law. In Ellis v. Rhone (supra), it was held that the district court as a court of equity, independent of the partition statutes, had every authority and instrumentality requisite to the nicest adjustment of the rights and claims of the distributees of a mixed estate. And in Ponton v. Bellows (22 Tex. 681), the propriety of joining the sureties in the suit against the principal was discussed and established. The amount in controversy in this suit is more than five hundred dollars—its object is within the scope of the powers of the district court. There is in the proposed investigation no revision or review of any ruling or order of the county court, nor in the progress, nor in the end of the cause is there any interference with the county court or with any matter pending before it."

This language clearly upholds the jurisdiction of the district court as concurrent with that of the county court, when partition alone of an estate in which community administration has been taken out is involved. There is no authority to the contrary, nor has this holding ever been brought in question, so far as we have been able to discover.

In Clark v. Bank (Tex. Com. App.) 210 S. W. 677, 679, it was held that the survivor who takes out community administration is an administrator within the meaning of article 5703, R. S., which tolls the statute of limitations for one year after decedent's death, "unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate." The opinion adverts to the statement in the Huppman Case: "He is a trustee—not an administrator." This language, however, should be read in connection with the context. The court was there illustrating the powers of the survivor in handling the estate, untrammeled by any control or action of the probate court. Immediately following the quoted language, the court say:

"His manipulation of the trust is not an administration *pending in any court.* * * * He is not the agent, or hand, or officer of any court. No probate decree is the source of his authority, and the exercise of his discretion is under no judicial warrant or control, as in cases of *ordinary administration.*" (Italics ours.)

We are in accord with the reasoning in the Huppman Case upon the question here at bar, and hold that the district court was not without jurisdiction to partition the estate.

The trial court's judgment is reversed, and the cause remanded for trial on the merits.

Reversed and remanded.

BAUGH, J., not sitting.

On Appellees' Motion for Rehearing.

McCLENDON, C. J.

The motion contends that we have misconstrued Huppman v. Schmidt as having relation to article 3681 (then article 2183); that the holding there had reference to articles 3673–3675 (then articles 2176–2178); that this is the construction given to the opinion by Chief Justice Fisher of this court in Frank v. De Lopez, 2 Tex. Civ. App. 245, 21 S. W. 279, 281.

We think the holding in the Huppman Case applicable to both statutes. The reasoning supporting the holding as to one of these statutes would apply with equal force to the other. The controversy in the Frank Case was between creditors of the estate and the community administrator. As pointed out in that case, the controversy in the Huppman Case "was between distributees of the estate and the survivor administering the community estate and his bondsmen." The action was to recover on the bond and also for a partition of the estate. The construction we have given the opinion is the same given by the editors of Texas Jurisprudence, vol. 14, pp. 621, 622, § 785, note 16 on p. 622. We think our holding is correct in principle and is supported by the reasoning in the Huppman Case, and we adhere to it in the absence of any authoritative enunciation by the Supreme Court to the contrary.

Our reference to Clark v. Bank was merely to point out that, although some expressions in the Huppman Case were questioned there-

in, the principles announced in the holding which we followed were not questioned.

The motion also states:

"The court made no observations on the question of debts mentioned in our Second Proposition. It did not advert to the point at all. The implication is that it did not consider the existence of debts an obstacle to partition in the case of community administration."

The statute gives to the distributees the absolute right of partition after the expiration of one year from the filing of the bond. Plaintiff's petition sets out the property belonging to the estate; alleges the taking out of community administration, the date of the filing of the bond, which was more than one year prior to the filing of the suit; and sets out the interest of each distributee, showing herself entitled to a share in the estate. The petition states a good cause of action. Whether there exist equitable grounds for further continuing the administration by reason of the existence of debts or otherwise are, we think, matters of defense which could not be reached by general demurrer. Appellees' second proposition, however, was not directed to this particular point. The proposition was that the district court was without jurisdiction in the absence of an allegation that no administration was pending, and no necessity therefor existed. The petition shows the taking out of administration, and that one year after the filing of the bond had elapsed, thus giving appellant the absolute right under the statute to partition.

The motion is overruled.

Overruled.

BAUGH, J., not sitting.