COX et al. v. GAINES et al.
No. 7988.

Court of Civil Appeals of Texas. Austin.
Oct. 3, 1934.

which consisted principally of real estate heavily incumbered, and a list of claims still existing against the estate. This answer showed that the indebtedness was in excess of the value of all property of the estate, including a 200-acre rural homestead, which was occupied by Gaines and the other eight children, all minors. The answer also showed that after the suit was filed Gaines, as community survivor, had conveyed to Nichols and wife a 698-acre tract of land for $2,500 cash, and the assumption of three $2,500 notes, secured by a lien upon the property; that the consideration was in excess of the fair value of the land conveyed, and the proceeds of the cash payment had been used in the discharge of community obligations. Nichols and wife intervened, alleging their purchase of the land, and additionally that they had paid two of the $2,500 notes, and all past-due interest on the third. They prayed to be quieted in their title.

By plea in abatement and special exceptions to this intervention, Mrs. Cox asserted that the sale was void because interveners had actual and constructive notice of the suit. She also urged a number of special exceptions to Gaines' answer, predicated upon the proposition that plaintiff was entitled to partition regardless of the condition of the estate, under the opinion of this court upon the first appeal. The plea and exceptions were overruled, and upon trial to the court without a jury judgment was rendered in favor of Nichols and wife, quieting their title, and in favor of the defendants denying any relief to plaintiff.

The trial court's judgment contains a statement of the facts upon which it was predicated, which were found substantially as set forth in the answer of Gaines and the intervention of Nichols and wife. The court concluded therefrom that "no subject-matter of controversy exists in this suit; and that any partition, or attempted partition thereof, would be a vain and useless thing; and occasion unnecessary costs."

No question is made regarding the court's findings of fact, and we must, therefore, assume them to be correct.

The grounds relied upon by Mrs. Cox for reversal, urged in eleven assignments of error, may be reduced to the following contentions:

(1) As to Nichols and wife, no defense was asserted to appellant's suit, because they were pendente lite purchasers.

Baker & Baker, of Coleman, for appellants.

Wilkinson & Wilkinson, of Brownwood, for appellees.

McCLENDON, Chief Justice.

This is the second appeal of this case. For opinion on first appeal see (Tex. Civ. App.) 45 S.W.(2d) 444, 446 (error refused).

The suit was by Mrs. Cox, one of the nine children of Gaines and his deceased wife, for partition of their community estate, of which Gaines was community survivor administrator. In the first appeal the only issue was the correctness of the trial court's order sustaining a general demurrer and special exceptions questioning the court's jurisdiction. In reversing the judgment, we said: "Whether there exist equitable grounds for further continuing the administration by reason of the existence of debts or otherwise are, we think, matters of defense which could not be reached by general demurrer."

Upon the trial in which the present appeal was taken, Gaines filed an elaborate answer, setting up in detail the condition of the estate, his administration thereof, a full itemized account, an inventory of the property,

(2) As to the other defendants, it was asserted that the trial court's judgment was in conflict with the opinion on the former appeal, in that plaintiff showed herself entitled to a partition, and the matters set up by Gaines constitute no defense to the action.

■■ Generally speaking, a purchaser pendente lite is not a necessary party to the suit. He is, however, a proper party, and may be permitted to intervene; although this should not be permitted where it "would complicate or delay the action or otherwise operate to the prejudice of the original parties." See 28 Tex. Jur. p. 343, § 26, and authorities cited. No prejudice of any character was shown, and no abuse of discretion is urged. Of course, the title acquired by Nichols and wife was subject to any superior right in Mrs. Cox to have the property partitioned; otherwise the pendency of the suit could not affect the validity of the sale.

■ It should be noted that the sale was also pleaded by Gaines as one of his official acts as community survivor, who showed that the cash consideration was used to discharge community obligations. Clearly the sale to interveners could not properly be set aside without reimbursement for these sums. Under these circumstances, it seems clear that they would be entitled to intervene as a matter of law in order that it might be determined whether their deed should be upheld, and, if not, what adjustment of their rights should be made. It could hardly be asserted that the property could be brought back into the estate without reimbursing Nichols and wife for the sums the estate had received from them directly and in discharge of valid obligations existing against the property at the time of their purchase. Aside from this, however, no delay or inconvenience was caused by the intervention, and consequently there was no abuse of judicial discretion.

■ Appellant's contention that the court was in error in overruling her exceptions to Gaines' answer and in refusing to award the partition is predicated upon the proposition that under our former opinion no circumstances could delay or defeat the right of partition after one year had elapsed since filing the survivor's bond. This was not our former holding, as appears from the above quotation from our opinion. We merely held that the statute was absolute in terms in giving the right to apply for partition after the twelve months' period, and that valid grounds for further continuing the administration were matters of defense to the action. It should be observed that the statute gives the right to a partition "in the same manner as in other administrations." If we turn to the statutory provisions governing administration generally (chapter 24 of title 54, art. 3598, et seq., Rev. St.), we find, as concisely stated in 14 Tex. Jur., p. 537, § 694, that: "The probate law contemplates that, as a general rule, the executor or administrator will be in a position to distribute the estate at the expiration of one year from the time of his appointment. Furthermore, it authorizes the heirs, devisees or legatees thereafter, and at any time until the administration has been formally closed, to require the representative to show cause why a partition should not be made."

We think it can hardly be seriously questioned that the same discretion is lodged in the district court to deny a partition and continue the administration, as is vested in the county court in a general administration. The statutes give the absolute right to distributees in each instance to apply for partition after twelve months of administration, casting the burden upon the administrator to make an affirmative showing of valid grounds for continuing the administration. What would constitute such valid grounds in the one instance ought to have the same effect in the other, since the differences in the two characters of administration have no relation to this issue. In each a main objective is to have a fair, as well as expeditious, administration of the estate; fair alike to all parties at interest, and under all circumstances that may arise. Manifestly not every estate can be properly administered in one year. Such is not an absolute requisite in estates under general administration, and the instant statute should not be so construed unless its language imperatively demanded it; which clearly it does not.

■ The mere filing of the partition suit did not terminate or suspend the powers of the community survivor. It merely served as notice to those dealing with him that a partition was demanded, and his acts, pendente lite, might be brought in question in the suit, the decision in which would be binding upon them.

We think the court has reached the correct conclusions in the case. There is no intimation in the record of any character of dereliction or remissness on the part of Gaines. No act of his is brought in question, save only the sale to Nichols and wife, and that on the sole ground that it was made pendente lite. That it was a fair and honest transaction and

to the interest of the estate affirmatively appears from the above findings of the court, which are in no manner assailed. From these findings it also affirmatively appears that a partition of the estate or any portion thereof could not properly be had at this time.

 The right of Mrs. Cox to share in any residuum of the estate after it has been fully administered could not be destroyed or affected by the fact that the estate was insolvent at the time of the trial; and it may be that the proper order was dismissal or abatement of the suit. The court no doubt took the view that since the right of Mrs. Cox was only to share in the residuum of the estate after discharge of all obligations, and since no such residuum existed at that time, there was no subject-matter for adjudication extant. We do not think the judgment can properly be construed as a bar to Mrs. Cox' rights as a distributee of the estate. If, however, she is not satisfied with the form of the judgment, she may still apply to this court for its modification; but this at her own costs, since the issue was not raised in the trial court.

The trial court's judgment is affirmed.