BENJAMIN T. ELLIS AND OTHERS V. MOBLEY RHONE, ADM'R.

Persons having a joint interest with the estate of a deceased person, in any property, real or personal, may make application to the County Court from which letters testamentary or of administration have been granted, on said estate, to have partition thereof, under the statute ; or they may sue in the District Court, under the general jurisdiction of that Court.

Whether, where the right of the alleged joint owner is contested, the District Court has not exclusive jurisdiction over such subject matter, Quere ?

Appeal from Houston. Tried below before the Hon. John H. Reagan.

*G. F. Moore*, for appellants.

*S. A. Miller* and *Yoakum & Taylor*, for appellee.

HEMPHILL, CH. J. This suit is by the heirs of Nathaniel Shirley, deceased, who represent that he died in 1849, possessed of certain property, owned in common with his wife, Sarah P., which property, with increase and changes, was shown by an exhibit made a part of the petition. They represent that there has been no administration of the said Nathaniel, nor any division made of the community property between his heirs and his said widow ; that the property continued in the possession of the said Sarah P. until 1850, when she intermarried with one Mobley Rhone ; and that it afterwards continued in their possession until October, 1855, when the said Sarah P. departed this life ; that administration upon the estate of the said Sarah was granted to the said Mobley Rhone, who claimed and now held the said property as the separate and common property of himself and the said Sarah P., deceased. The petitioners prayed that the said poperty might

be equally partitioned between them and the estate of the said
Sarah P., and that each of their shares might be allotted to
them in severalty.    The exhibit set forth some lands and a
most minute specification of articles of personal property.    The
only defensive pleading, requiring notice, is the one denying
the jurisdiction of the District Court, and averring that the
subject matter was within the exclusive cognizance of the
County Court.

This plea was sustained and the petition dismissed.

The provision, on which exclusive jurisdiction is claimed for
the County Court, is in Art. 1215, which declares that any
person having a joint interest with the estate of the decedent,
in any property real or personal, may make application to the
County Court, from which letters testamentary or of adminis-
tration have been granted on said estate, to have partition
thereof, whereupon the Court shall proceed to make a parti-
tion of said property between the applicant or applicants and
the estate of the deceased.    Admitting that the proceeding
under this Article pertains to the estate of a deceased person,
and is within the object of the Act as expressed in the title ;
yet no inference can be drawn from its terms, or the nature of
the jurisdiction, that the Legislature intended to vest exclusive
authority in the County Court.    The statute is not peremp-
tory.    Persons may apply to the County Court, and not that
they shall apply.    So, under Art. 1162, a purchaser may have
a decree from the County Court against an executor, for spe-
cific performance of a contract for the sale of lands.    But this
does not take away the jurisdiction of the District Court.    In
the cases provided for by both sections, the jurisdiction of the
Courts is concurrent ; not exclusive.    Nor, under either, is it
necessary to set up in order to sustain the jurisdiction of the
District Court, that the powers of the County Court are inad-
equate to full relief. This may be true, but it is not the ground
for the exercise of the jurisdiction, although it may be a good
reason to apply for its aid, to the neglect of the inferior author-

ity. In a matter which pertained exclusively to an estate, the District Court would not interfere for the benefit of those interested in that estate, and for its just settlement, unless on grounds of fraud, trust or some other ground which would show a necessity for such interference, in order to protect those interested in a faithful administration and fair adjustment of that estate. But the plaintiffs (so far as shown by the petition) have no interest in the estate of the deceased, Sarah P., of which defendant is administrator, or how it may be administered or distributed. They are not claiming a division of that estate, but they are claiming a division, as between that estate and themselves, of some property in which they allege a joint interest with the deceased. The heirs or creditors of the estate of Sarah P., could not claim the aid of the District Court as against the administrator of that estate, unless on the special grounds to which we have referred ; but a joint owner with that estate, of property, may apply to either the County or District Court for a division, as may suit his convenience. Where the right of the alleged owner is contested, it is questionable whether the District Court would not have exclusive jurisdiction—the powers of the Probate Court not being adequate, at least fully so, to try questions of title.

The appellant relies also on the ground that the District Court had not jurisdiction ; the Act of 1840, in relation to partition, referring exclusively to lands, Art. 2617. This statute is not the only ground for the jurisdiction of the District Court in cases of partition. The powers of that Court, as derived from Chancery, are much more ample than can be claimed under that Statute. In fact the Act is without meaning in our system of jurisprudence. At Common Law a Court could partition only an estate held in coparcenary. By Statute 31 Henry 8th cap. 1, and 32 Id. cap. 32, joint tenants and tenants in common could claim the benefit of partition. The Stat. 8 and 9 Will. 3, cap. 31, was an Act for the easier obtaining partitions of lands in coparcenary, joint

tenancy and tenancy in common, and from this Statute ours is substantially copied. But the Court of Equity always had most ample authority in partitions, and the relief afforded by it was so much more ample than that given by a Common Law Court, even with the benefit of the Statutes, that the application for a writ of partition at Common Law fell into disuse, and the action itself is now abolished in England, leaving the exclusive jurisdiction with Courts of Equity. (Story's Eq. Jur., Vol. 1st, Partition ; Alnatt on Partition.)

The property, of which a division is claimed, is not of lands exclusively ; but the community of goods existing between husband and wife is a species of partnership, and a District Court having equity jurisdiction has adequate authority to adjust the rights and distribute the property pertaining to partnerships. Judgment reversed and cause remanded.

Reversed and remanded.