PAULINA HUPPMAN ET AL. V. MARTIN SCHMIDT ET AL.

(Case No. 2234)

65    583
84    347

1. COMMUNITY SURVIVOR—JURISDICTION OF PROBATE COURT—To facilitate suit upon the bond, a creditor, after the lapse of one year, may, under article 2176, Revised Statutes, require the community survivor to file an account in the probate court, and, after the lapse of twelve months, the heir of the deceased partner may, under article 2133, Revised Statutes, have him to distribute the estate under the same tribunal ; but if he is not compelled to enter that forum by the one or the other of these means, he is, after his bond and inventory and appraisement have been filed, entirely independent of the orders, and not subject to the control, of that court.

2. SAME—JURISDICTION OF DISTRICT COURT—Where the amount in controversy exceeds $500, the district court has jurisdiction to compel a settlement between the community survivor and those entitled as distributees to a partition of the estate.

3. SAME—FALSE INVENTORY AND APPRAISEMENT—PLEADING—PROOF—An allegation in the petition against a community survivor to compel a settlement, that the inventory and appraisement were false and fraudulent, is a proper foundation for proof that the survivor is chargeable with property not inventoried, and that what was inventoried was worth more than the value fixed by the appraisement. The inventory and appraisement are for the protection of the heirs and creditors, but, if they are not full and true, they do not restrict the liability of the survivor.

APPEAL from Harris. Tried below before the Hon. James Masterson.

This suit was filed, on June 24, 1885, by the appellants, Paulina Huppman, Theresa Huppman, Cornelia Huppman, Katie Kattmann, joined by her husband Robert Kattmann, as heirs at law of Charles Huppman, deceased, and by J. Rotge, as administrator of the estate of said Charles Huppman, deceased, plaintiffs below, against the appellees, Martin Schmidt, Wm. Reichardt, Wm. Disson and J. Pereira, defendants below, representing, that, on July 27, 1880, Katrina Schmidt died in Harris county, leaving surviving her the defendant Martin Schmidt, her husband, and the following children, who were her sole heirs at law : Paulina, Theresa, Cornelia and Katie, appellants herein, and the said Charles Huppman, deceased ; that appellant J. Rotge was the duly qualified administrator of the estate of Charles Huppman, deceased ; that, on November 4, 1880, the appellee Schmidt filed an application in the county court of Harris county to be allowed to qualify as survivor of the community estate of himself and his deceased wife Katrina ; that, thereafter, on the last named date, the appellee Schmidt, under the order of the court, presented an inventory and appraisment of the estate, and a list of claims, and, at the same time, presented to the court his bond as survivor of the community, with the other appellees as sureties thereon,

in the penal sum of fourteen thousand six hundred and seventy dollars, which bond, inventory and appraisement were all approved and accepted by the county judge, and ordered to be recorded; that, immediately thereafter, Schmidt took possession of the estate, and has ever since controlled, managed and disposed of the same; that the inventory filed by Schmidt showed that the estate consisted of both real and personal property (naming it); that Schmidt was the only person who possessed accurate knowledge of the amount and value of the property belonging to the estate, and who had the means of acquiring such knowledge; that the appraisers and county judge were wholly ignorant of the value and amount of the estate, and were without means of informing themselves; and were, therefore, compelled to rely, and did rely upon the appellee Schmidt for such value and amount; that Schmidt, taking advantage of his peculiar position and special knowledge, and with intent to cheat and defraud appellants, falsely represented to the appraisers and the county judge, knowing such representation to be false, that the real and personal property were of the value set forth in the inventory and appraisement; that he falsely represented that there were no household or kitchen furniture, articles of ornament or jewelry, belonging to the estate; that, by his artifice and fraud, Schmidt caused the appraisers to value the property erroneously, and, appraise the same far below its true value.

The petition then proceeded to set forth specifically wherein the inventory and appraisement were erroneous; that Schmidt owned an undivided half in all the realty, and the appellants owned, jointly and equally, the remaining moiety; that the realty belonging to the community estate remained undisposed of; that appellee Schmidt had converted to his own use all of the personal property belonging to the community estate, including the revenue from the realty; that the appellants were entitled to large sums of money from the estate; that, notwithstanding more than twelve months had elapsed since he qualified as survivor, Schmidt refused to pay over to appellants any portion of the estate to which they were entitled as heirs at law of their deceased mother; that, therefore, the conditions of the bond had been broken and violated, and the appellee Schmidt, as principal, and the remaining appellees, as sureties upon his bond, had become liable to appellants. Appellants prayed for a partition for such of the property as was partible in kind, and a money judgment for the balance. Attached to the petition is a certified copy of the community bond, signed by the appellee Schmidt and his sureties.

To this petition appellees interposed a general demurrer, and specially excepted to so much of the petition as sought to correct the

inventory and appraisement. They also filed an answer. The court sustained the general demurrer interposed by appellees, and also the special exception, and dismissed the suit, upon the ground that the district court had not jurisdiction to try the case. Plaintiffs appealed.

*James A. Baker, Jr.*, and *Presley K. Ewing*, for appellants, on the question of jurisdiction and the sufficiency of the petition, cited ; Constitution of Tex. art. 5, sec. 8; R. S., arts. 2172, 3466 ; Francis *v.* Northcote, 6 Tex. 185. Ellis *v.* Rhone, 17 Tex. 131; Crain *v.* Crain, 17 Tex. 82; Smith *v.* Smith, 11 Tex. 105; Ponton *v.* Bellows. 22 Tex. 681; Young *v.* Gray, 60 Tex. 541 ; Jerrard *v.* McKenzie, 61 Tex. 40 ; Robinson *v.* McDonald, 11 Tex. 385; Banton *v.* Wilson, 4 Tex. 404; Chambers & Thigpen *v.* Cannon, 62 Tex. 293, 294; State of Rhode Island *v.* State of Massachusetts, 12 Pet. 732; Smith *v.* Smith, 11 Tex. 104; Long *v.* Wortham, 4 Tex. 331 ; Graham *v.* Roder, 5 Tex. 141 ; Willis *v.* Gordon, 22 Tex. 243; Bourke *v.* Vanderlip, 22 Tex. 221; Witt *v.* Kaufman, 25 Tex. Sup. 384; 1 Pomeroy's Eq. Jur., sec. 181.

*Crank & Taliaferro* and *E. P. Hamblen*, for appellees, on the questions discussed in the opinion, cited: Constitution of Texas, art. 5, sec. 16; R. S., 2183, 2132, 2103, 5171, 2172, 1917, 1918, 2174, 1921, 1922, 1923, 1924; White *v.* Shepherd, 16 Tex. 165 ; Bradshaw *v.* Mayfield, 18 Tex. 27, 28.

ROBERTSON, ASSOCIATE JUSTICE.—To facilitate suit upon the bond, a creditor may require the community survivor to file an account in the probate court, after the lapse of one year (R. S., art. 2176), and, after the lapse of twelve months, the heir of the deceased partner may have him distribute the estate under the supervision of the same tribunal. (Art. 2183.) If he is not compelled to enter that forum by one of these means, he is independent of the orders, and is not subject to the control, of the county court. When his bond and inventory and appraisement have been filed and approved, the law vests him with the power to manage and control the community property, pay the community debts, and distribute the residue among those entitled to share in it (art. 2172), and dismisses him with only the admonition to keep correct accounts. (Art. 2173.) There is no express authority for his voluntary return to the county court, for any purpose. His discretion alone directs him in the exercise of his broad powers, and his fidelity is secured by the bond. His authority, in the scope contemplated by law, could not exist in subordination to a supervisory jurisdiction. He is a trustee—not an administrator. His manipulation

of the trust is not an administration pending in any court. (Art. 2172.) He is not the agent, or hand, or officer of any court. No probate decree is the source of his authority, and the exercise of his discretion is under no judicial warrant or control, as in cases of ordinary administration. If the heirs of the deceased partner invoke the jurisdiction of the probate court to effect a distribution, when a survivor has fraudulently concealed or squandered their inheritance, that jurisdiction may discover, but cannot remedy, the wrong. The bond, their only source of indemnity, must be proceeded upon in the court having jurisdiction of the amount. If the allegations of the plaintiffs' petition are true, a proceeding in the county court would be an idle ceremony. In cases in which the trust has been fairly and discreetly managed, an accounting and division would be complete redress, and this could be had in the probate court. But, even then, why should that be regarded as an exclusive jurisdiction? The survivor may settle with the heirs, without the aid of any court—but if he refuses to settle, in providing that the distributees may have partition in the county court, there is no implied denial of any other remedy. There is nothing in the act expressly confining the parties to the remedy it authorizes. The act of 1848 (Hartly, art. 1215, sec. 106) authorized the county court to partition between any joint owner and the estate in process of administration any property jointly held to be governed by the rules and regulations applicable to the ordinary partition and distribution of estates. In Ellis v. Rhone, 17 Tex. 131, this statute was held not to confer upon the county court exclusive power, nor to effect the concurrent jurisdiction of the district court to accomplish the same purpose.

If the district court now has the requisite power under the constitution, its exercise is not prohibited by the article of the Revised Statutes, which confers upon the county court the same authority.

We think the jurisdiction of the district court is quite indubitable. Its general jurisdiction is given in the very language of the constitution of 1845, changing only the amount. It embraces all "suits, complaints and pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to *five* hundred dollars exclusive of interest." Constitution of 1845, sec. 10, art. 4; Constitution of 1876, art. 3, sec. 8. In Newson v. Chrisman, (9 Tex. 113), this language was held to vest in the district courts all the powers possessed by both common law and chancery courts in England, not incompatible with the organic law. In Ellis v. Rhone (*supra*), it was held that the district court as a court of equity, independent of the partition statutes, had every authority and instru-

mentality requisite to the nicest adjustment of the rights and claims of the distributees of a mixed estate. And in Ponton v. Bellows, (22 Tex. 681,) the propriety of joining the sureties in the suit against the principal was discussed and established. The amount in controversy in this suit is more than five hundred dollars—its object is within the scope of the powers of the district court. There is in the proposed investigation no revision or review of any ruling or order of the county court, nor in the progress, nor in the end of the cause is there any interference with the county court or with any matter pending before it.

The demurrer to the jurisdiction of the district court ought not to have been sustained.

The allegation that the inventory and appraisement were false and fraudulent is a proper foundation for proof that the survivor is chargeable with property not inventoried, and that what was inventoried was worth more than the value fixed by the appraisement. He must account for their interest in all the community property, whether ventoried or not, and at its real, and not necessarily its appraised, value. The inventory and appraisement are for the protection of the heirs and creditors, but if they are not full and true, they do not restrict the liability of the survivor.

The judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.

[Opinion delivered March 5, 1886.]