## HUNTSMAN v. HUNTSMAN.

(Court of Civil Appeals of Texas. El Paso. March 28, 1912. Rehearing Denied May 8, 1912.)

DIVORCE (§ 252*) — DECREE — COMMUNITY PROPERTY.

Where a divorce decree, charging plaintiff with the care and custody of minor children, awarded her 200 acres of land, one half in fee and the other half for life, and gave the defendant a 53.1-acre tract of land, one half in fee and the other half for life, and also gave him the entire personal property in the community estate, worth about $9,000, it was not inequitable, though it charged him with the total community debts, amounting to about $1,900, and though, on the day before the trial, he had disposed of the 53.1-acre tract and part of the personal property for about one-tenth of their value, in fraud of the plaintiff's rights.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 713–715; Dec. Dig. § 252.*]

Appeal from District Court, Stonewall County; Cullen C. Higgins, Judge.

Action by Susan E. Huntsman against W. A. Huntsman. From a judgment for plaintiff, defendant appeals. Affirmed.

H. G. McConnell, of Haskell, Arrington & Carter, of Aspermont, and Theodore Mack, of Ft. Worth, for appellant. W. H. Murchison, of Haskell, Green Harrison, of Jayton, and John D. Hopson, of Aspermont, for appellee.

McKENZIE, J. Appellee, Susan E. Huntsman filed this suit in the district court of

Stonewall county against appellant, W. A. Huntsman, for divorce, custody of minor children, division of community property, and for alimony. The case was tried before the court without a jury, and judgment was rendered for plaintiff, granting divorce, custody of minor children, and division of the community property. In his brief, the appellant makes no complaint against the decree granting divorce and custody of the minor children. Complaint is made only of that part of the judgment of the court making division of the community property; that part of the judgment is as follows: "It is the further judgment of the court that plaintiff have one half interest in the 200 acres of land out of the northeast corner of section No. 248, block D, H. & T. C. Ry. Co. survey, located in Stonewall county, Texas, in fee simple, and that plaintiff have the other one half interest in the 200 acres out of the northeast corner of section No. 248, block D, H. & T. C. Ry. Co. survey, located in Stonewall county, Texas, for life. And is the further order of the court that the defendant, W. A. Huntsman, do have and recover of and from the plaintiff all that other property, consisting of the personal estate of both plaintiff and defendant, of every nature whatsoever, and that he be charged with the indebtedness due by said estate, and that defendant do further have of and from plaintiff one half undivided interest in and to 53.1 acres of land in fee simple off the south side of section No. 249, block D, H. & T. C. Ry. Co. survey, in Stonewall county, Texas, and that he also have of and from plaintiff the other one half interest in 53.1 acres off the south side section No. 249, block D, H. & T. C. R. R. Co., in Stonewall county, Texas, for life."

The several assignments of error, in substance, complain of the judgment, because it is contended by appellant that the undisputed evidence shows that practically all the property decreed to the defendant had been sold and disposed of prior to the partition, the effect of which was to give to the plaintiff title and possession of all the property of value belonging to the estate, leaving nothing for the defendant with which to liquidate or to pay the indebtedness against said community estate.

From the trial court's findings of fact, in addition to the two tracts of land described in the judgment, the community estate consisted of a gin and its machinery, and also personal property of a total value of $7,892.50; in addition to this, the crops belonging to the community estate, gathered and ungathered, were valued at $1,116, making the total community estate $9,008.50. The total indebtedness, after deducting certain insurance policies and allowing for payments made, is $1,900. From the evidence and the inventory which was returned into court by the defendant, and from the findings of fact by the court, each tract of the land, as owned by the community, is valued at $10 per acre. The plaintiff, under the judgment of the court in the division of the community estate, received only one half of the 200-acre tract and a life estate in the other half. The appellant was awarded one half of the 53.1-acre tract of land, with a life estate in the other half of said tract. From the foregoing, it is apparent that appellant received, in the division of the property, the entire personal property belonging to the community estate, which, after deducting the entire indebtedness, gives to him more than twice the value of the property as apportioned to the plaintiff.

Appellant complains, however, that the division is inequitable as made by the court, and the judgment should not stand, because, before the partition or division of the community estate, he had sold the 53.1-acre tract, together with practically all of the personal property belonging to the estate. This is testified to by the appellant himself, and shows that the day before the trial of the case he disposed of not only the 53.1-acre tract of land, but had disposed of the 800 bushels of corn, the horses, mules, and other property, for the inadequate sum of $385. His excuse for such sale was that he had to pay a fine, and owed the plaintiff $120 as alimony. The court, in his findings of fact, found that the sale of this property was in fraud of the rights of the plaintiff, and that the price received was about one-tenth of its value. We think that the court, in the exercise of a discretion which is given him by law, was most liberal to the appellant. It will be remembered that the appellee is charged with the care and custody of the children, and was awarded 200 acres of land, one half of which in fee and the other half for life. The appellant, on the other hand, received the 53.1-acre tract of land, one half in fee and the other half for life, and, in addition to this, he was given the entire personal property of the community estate. The sale which is complained of was made by the appellant. It was made for the purpose of depriving the appellee of her interest in the estate. It could not be said that the appellant made the sale for the purpose of protecting the community estate; but, as found by the court, it was made for the purpose of defrauding the appellee. And under such conditions we think that the court was justified in the exercise of the discretion allowed him, and properly required of the appellant the payment of the community debts. We think there is no error in the judgment, and the case should be, in all things, affirmed.

Affirmed.