GUTHERIDGE et al. v. GUTHERIDGE.

(Court of Civil Appeals of Texas. Amarillo. Nov. 8, 1913. On Motion for Rehearing, Dec. 13, 1913.)

**1. HOMESTEAD (§ 181*)—ABANDONMENT—EVIDENCE.**

In an action by a woman to set aside her former husband's conveyance of the community homestead, the court's finding that she did not abandon her homestead, but merely left her husband temporarily to earn a living for herself and her minor child, *held* supported by the evidence.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 351–353; Dec. Dig. § 181.*]

**2. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—EFFECT OF CONVEYANCE BY HUSBAND.**

Where a husband conveyed one-half of the community property of himself and wife to their infant child, the rights of the parties upon the death of the child intestate and without issue, are the same as if no conveyance had been made.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–938; Dec. Dig. § 267.*]

**3. PARTITION (§ 55*)—PETITION.**

Under the direct provisions of Rev. Civ. St. 1911, art. 6097, subd. 3, a petition for statutory partition is insufficient when not giving an estimate of the value of the premises.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 148–159, 182; Dec. Dig. § 55.*]

**4. PARTITION (§ 34*)—STATUTORY PARTITION—EFFECT.**

Rev. Civ. St. 1911, art. 6097, providing a statutory mode of partition, is not exclusive and does not deprive the courts of their equitable power of partition.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 88, 90; Dec. Dig. § 34.*]

**5. PARTITION (§ 55*) — PROCEEDINGS — PETITION.**

A petition for equitable partition need not state the estimated value of the property.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 148–159, 182; Dec. Dig. § 55.*]

**6. APPEAL AND ERROR (§ 882*)—PERSONS ENTITLED TO ALLEGE ERROR.**

Where defendants by their answer sought partition of the land in suit, they cannot on appeal attack their own pleadings, as insufficient to warrant partition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

**7. PARTITION (§ 63*) — PROCEEDINGS — EVIDENCE—SUFFICIENCY.**

In a proceeding for the partition of real estate, the question of value should govern more than the item of quantity, and a judgment rendered without any evidence of value cannot be supported.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 183–185; Dec. Dig. § 63.*]

**8. APPEAL AND ERROR (§ 1172*)—DETERMINATION—REVERSAL IN PART.**

Under rule 62a for Courts of Civil Appeals (149 S. W. x), providing that, if it should appear that an error committed by the trial court affects only a part of the controversy and that the issues are severable, the judgment shall be reversed only in part, the appellate court may, in an action by a woman to set aside her former husband's deeds to their community property, reverse only that part of the judgment which erroneously granted partition without evidence of the value of the land.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4555–4561; Dec. Dig. § 1172.*]

**9. HUSBAND AND WIFE (§ 249*)—COMMUNITY PROPERTY—WHAT CONSTITUTES.**

Property acquired by a husband before his wife secured a divorce is community property, even if at the time of the acquisition she was living apart from him because obliged to do so to make her own living.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 887, 889–892; Dec. Dig. § 249.*]

On Motion for Rehearing.

**10. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND.**

A conveyance by a husband of the community property of himself and wife is good as to his interest in the property and should not be canceled at the suit of the wife except as to her share.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–938; Dec. Dig. § 267.*]

**11. JUDGMENT (§ 252*) — CONFORMITY TO PLEADING—RELIEF.**

If defendant prays for relief and shows himself entitled thereto by the evidence, the court may grant it notwithstanding the pleadings of the plaintiff do not request it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. § 252.*]

Appeal from District Court, Collingsworth County; D. E. Decker, Judge.

Action by Alice Gutheridge against R. W. Gutheridge and others. From a judgment for plaintiff, defendants appeal. Affirmed in part, and in part reversed and remanded.

See, also, 159 S. W. 452.

R. H. Templeton, of Wellington, and Crudgington & Works, of Amarillo, for appellants. J. L. Lackey, of Wellington, and Presler & Thorne, of Memphis, for appellee.

HALL, J. Alice Gutheridge, formerly the wife of R. W. Gutheridge, of Green county, Okl., instituted this suit against R. W. Gutheridge (her divorced husband), C. B. Boverie, and J. M. Poff, residents of Texas, for the cancellation of certain deeds and title to the N. E. ¼ of section No. 28, block No. 15, H. & G. N. Ry. Co. survey in Collingsworth county, Tex. The allegations of the petition, in substance, are: That plaintiff was formerly the wife of R. W. Gutheridge, and Lawrence Gutheridge, a son, was born of that wedlock. That plaintiff and her said husband were separated in August, 1908. That they owned as community property the N. W. ¼ of section 32, block 15, and the N. E. ¼ of section 28, block 15, of the H. & G. N. Ry. Co. surveys in Collingsworth county, Tex. That on September 21, 1910, her said husband conveyed the east ½ of the N. E. ¼ of said section 28 to their infant son, Lawrence, and at the same time conveyed the W. ½ of said ¼ to Lee Brown. That Lee Brown thereafter conveyed said W. ½ to C. B. Boverie, and afterwards C.

B. Boverie conveyed the land to J. M. Poff, and later her said husband conveyed the entire N. E. ¼ of said section 28 to the said Boverie, who in turn again conveyed the same to J. M. Poff. That on the 3d day of January, 1911, appellee obtained a decree of divorce from her husband in the district court of Kingfisher county, Okl., and that said judgment decreed to her the custody of the infant son, Lawrence, and that said son soon thereafter died. It is alleged that the deeds above mentioned were all made for the purpose of defrauding plaintiff, and that the grantees thereunder took with notice of her rights, and prayed that she be decreed to have said quarter section with damages and for an injunction.

Each of the defendants answered separately, the substance of R. W. Gutheridge's special answer being as follows: That the said quarter section was the community property of himself and wife. That in the spring of 1908 they abandoned the land and never again resided thereon. That they separated in 1908 and never again lived together as husband and wife, at which separation appellee abandoned him and moved to the state of Oklahoma, and has so resided in said state continuously, and now so resides in said state. That in January, 1911, she obtained a decree of divorce. That during the time plaintiff and defendant lived together they contracted community debts, which he was unable to pay, and he sold the W. ½ of the N. E. ¼ of said section 28 to pay said indebtedness. That he had no other property out of which said debts could be paid. That in 1909 he removed to Gray county, Tex., and acquired a new homestead, which he had occupied since said date and which he was occupying prior to and at the time he sold said N. E. ¼ of section 28 to defendant Brown, and prior to said sale had made and filed a written designation of his homestead, stating the same to be in Pampa, Gray county, Tex. That he sold the W. ½ of the N. E. ¼ while his wife was separated from him and residing in another state, with which to pay community debts, and conveyed the E. ½ of said quarter to his son, Lawrence, who had since died, and that he and plaintiff were the only heirs of the said Lawrence. Since the death of his said son, he had again conveyed the entire N. E. ¼ to. the said Boverie, and so had parted with every interest of every kind and character in said quarter and disclaimed any interest in the land in controversy. That his said home in Pampa was acquired during the marriage and was subject to partition. That the N. E. ¼ of section 32, referred to by appellee, was purchased and vendor's lien notes given therefor, and that by reason of his wife abandoning him he was unable to pay therefor, and foreclosure was had in the district court of Collingsworth county, under which he lost said land and the money theretofore paid by him. His prayer is as follows: "Wherefore defendant prays judgment of the court that plaintiff take nothing by this suit except a partition of his land in Gray county, Tex., and that all interest in said land be perfected in the present owners of the same, that the W. ½ be perfected in J. M. Poff and the E. ½ be partitioned between C. B. Boverie and plaintiff, and for all further relief, both special and general, in law and in equity, that he may be entitled to under the law."

Defendants Boverie and Poff, by special answer set up that they were innocent purchasers without notice, and in addition thereto substantially the facts plead by R. W. Gutheridge. The prayer as contained in the answer of Poff is as follows: "Wherefore defendant prays that plaintiff take nothing by this suit, and that said W. ½ of S. E. ¼ of section 28, block 15, in said Collingsworth county, Tex., be decreed to him free from all claims of plaintiff; that he go hence without day with his costs and for damages and for rent of said land for the year 1912, and for such other and further relief, special and general in law and in equity, as he may be entitled to." The prayer of C. B. Boverie is as follows: "Wherefore defendant prays judgment of the court that plaintiff take nothing by this suit as to the W. ½ of the N. E. ¼ of section 28, block 15, and that he have his costs in this behalf expended; that the E. ½ of the N. E. ¼ of section 28, block 15, in said Collingsworth county, Tex., be partitioned between plaintiff and this defendant; that appraisers be appointed by the court to appraise and divide the said E. ½ equally, according to value, between this defendant and plaintiff; and that each be placed in possession of his part within 30 days from date of partition; and that, if the court should hold that deeds from R. W. Gutheridge to Lee Brown and Lawrence Gutheridge were invalid for any cause, the court have the entire N. E. ¼ of section 28, block 15, partitioned according to the respective interests of claimants to same; and that the same be duly and legally partitioned; and that all equities involved in the suit and premises be adjusted in this suit; and for all other and further orders and relief, both special and general, in law and in equity, as each may be entitled to, and in duty bound this defendant will ever pray."

The court's findings of fact and conclusions of law are in substance as follows:

First. That the land in controversy is the community property of plaintiff and her former husband and is their homestead. That it has never been abandoned as a homestead, but that plaintiff was forced to leave the same temporarily in order to secure work for the support of herself and infant son, and that she left with the intention of returning at any time appellant Gutheridge

would provide her with a living, and so notified him when she went away.

Second. That appellee did not leave appellant Gutheridge with the intention of separation, but only for the purpose of securing work, and never knew that he regarded her leaving as a separation until she was notified by his attorney that he was going to sue her for a divorce.

Third. That he did file suit in the district court of Collingsworth county, for a divorce and division of property, and when the court convened dismissed the same at his own cost.

Fourth. That plaintiff had never abandoned the land as her homestead, and the personal effects which she had were there on the land when she left and were thereafter carried away by her mother, who lived near, for the purpose of taking care of the same during her absence.

Fifth. That defendant R. W. Gutheridge utterly failed to support his family in any way or manner for several months before his wife went away to her work. That she was compelled to work and pay all the family expenses for several months prior to that time.

Sixth. That none of the deeds made by R. W. Gutheridge to any of the defendants, and none of the deeds made by said defendants to each other, purporting to convey or attempting to convey the land, were made in good faith for valuable consideration, but that all of said deeds were made with full knowledge by said parties of appellee's claim and right in the premises and that appellee had possession of said land and was paying taxes and interest thereon during that time.

Seventh. That at the time of plaintiff and defendant R. W. Gutheridge's separation, they owned and possessed other property which was community property, and which he disposed of and gave none of the proceeds to plaintiff or their son, and he also owned and held other property in Gray county, Tex.

Eighth. That the community property disposed of by said appellant Gutheridge, and the other community property held by him in Gray county, Tex., exceeded in value what would be his part in the land in controversy. That appellee has had to care for and pay all the expenses incident to raising their said infant son since and before their separation, and that said child died some time in the year 1912, and that appellee was forced to pay the doctor's bills and all funeral expenses incident to the sickness and death of said child, amounting to something over $200. That plaintiff sued defendant Gutheridge for divorce in the state of Oklahoma and was decreed a divorce, together with the care and custody of their said child, and that such decree was entered after the said R. W. Gutheridge had conveyed all the lands in this controversy, and that it was not nec-

essary for a party to be an actual bona fide resident, inhabitant of Oklahoma in order to institute divorce proceedings in that state, but only necessary that they reside in the state for 12 months.

Based upon said findings of fact, the court concluded as a matter of law that plaintiff ought to recover the land in controversy as her part of the community estate of herself and R. W. Gutheridge, and that all deeds made by Gutheridge or the other defendants herein, attempting to convey said land, ought to be canceled and held for naught, and plaintiff quieted in her title thereby. The judgment of the trial court is rendered in accordance with the findings and conclusions outlined above.

[1] The appellant's brief submits the case under a multitude of assignments and propositions, the majority of which go to the sufficiency of the evidence to sustain the court's findings of fact and conclusions of law. We have read the statement of facts and think that the evidence is sufficient to sustain all of the court's findings, except perhaps the latter part of the eighth, in which the court finds that the property in Gray county, held by R. W. Gutheridge, exceeded in value what would be his part of the land in controversy. It is not necessary for us to set out the facts in detail, or even in substance; but the following excerpts from the testimony of the plaintiff will serve to show that the court's findings, with the exception above noted, are amply sustained: "I did not know that myself and husband had separated until his attorney wrote me, asking me if I would file a suit for divorce, over there at Enid. I had left our home (the land in question) temporarily prior to that time and had gone to Chillicothe, Tex., where my husband and I lived for about six months. We did not acquire any home there. He was in the insurance business. I came back up to our home in the fall. I think that was in 1907. He came back in the summer. When he returned here in the fall, he went out to my mother's place close to where we lived in Collingsworth county, just a fence between us. At the time he left me in Chillicothe, he made no provisions for me to live—no money for any groceries. We had been living in a rented house there. He did not pay the house rent nor any of the grocery bills. I paid it. I did some sewing down there. Went from there to Vernon and picked cotton for two months. When I left there, I shipped my household goods to Memphis and paid the freight on them and went back up to my mother's place in this county. When I arrived there, my husband had gone. My father got my things from Memphis for me. I remained at my mother's about six months—perhaps not so long—and went away again. I returned there in the fall and left there the 1st of February, at which time my husband was there. He

knew I was going to leave and did not seem to care. I told my reason I was going to leave was because I would have to go and make a living. He refused to work, and I had to go to work and make the living. I went from there to Shamrock, Tex., where I took the train. My husband took me to Shamrock to the train. I told him at that time when he got something to live on to let me know and I would come back any time he wanted me to; that I was simply going away to make a living. I wrote him that I had reached Enid all right, but I never heard from him until through his lawyer, offering to send me money to get a divorce over there. I never received any letter from my husband, but I replied to his attorney, stating that I did not care for a divorce, but if Mr. Gutheridge wanted one to go ahead. After that I was cited to appear here in a divorce proceeding and came back to court. My husband did not appear, and the suit was dismissed. I saw him about a week before court, but he made no offer for me to come back and live with him. He just asked me to compromise with him on the property. He wanted to divide the land in halves. He did not want to give the baby anything at all and wanted me to support it. I have never received any proceeds from the sale of the land. I have not lived with my husband since February, 1908, when I left him at Shamrock, because I have not had the opportunity. I have never lived in the house on the land in controversy since we went to Chillicothe, but I have had it occupied. I leased the land to my father one year. I believe he made two crops on it, he and my brother. I have had the use of the land all the time since I left here and have the use of it now. I have people there tending it, and they have been ordered off a time or two, but they still hold it."

Without quoting further from the evidence, we will state that the record abundantly sustains the court in his finding that the defendants Boverie and Poff were not innocent purchasers, and also that the conveyances of the property in question were made with the fraudulent intent alleged. The questions which we will consider specifically are raised by the following propositions:

[2] "There being no effort on appellee's part, either in her pleadings or proof, to void the deed from R. W. Gutheridge to Lawrence Gutheridge, and said Lawrence Gutheridge having died intestate, under ten years of age, the court erred fundamentally in holding that title to the E. ½ of the N. E. ¼, section 28, did not vest in equal halves in his parents, and those holding under them." This proposition has no merit. The transfer of the estate to the minor, and the subsequent death of the minor, left the matter in the same condition as it was before, so far as the rights of the parties in this litigation are concerned.

[3] Under the twenty-eighth assignment of error, which is that the court erred in holding and in making an accounting between R. W. Gutheridge and Alice Gutheridge, because there were no pleadings in the case warranting the same nor in the prayer therefor, it is urged that there being no allegations of value of the community property now in the hands of R. W. Gutheridge, nor of amounts received by him from that alleged to have been appropriated, and no proof offered as to any of these essential points, the court fundamentally erred in undertaking to partition such properties and adjust community rights herein. An inspection of the pleadings briefly set out above, together with the prayer, shows that the suit as originally instituted by plaintiff was not a partition suit brought either under the statute or as an equitable proceeding, but that the defendants, by their pleadings, endeavored to convert it into a suit for partition under the statute. There was a prayer for the appointment of commissioners, etc. Plaintiff seems to have acquiesced in this, but from some cause the purpose of going into partition of the property under the statute was abandoned, since the record fails to show the appointment of commissioners, the issuance of any writ of partition, or any report by commissioners. If appellants had persisted in their original purpose of having a partition of the property under the statute, their pleadings were manifestly insufficient under article 6097, R. S. 1911, subd. 3, which requires that a petition in such proceeding shall estimate the value of the premises.

[4, 5] It is held in this state that the giving of the remedy by statute has never been deemed to take away or in any degree abridge the original inherent powers of the court in an equitable proceeding for that purpose to partition real estate. The statute simply prescribes a procedure which parties may adopt if they see proper, but it is not obligatory. Our courts exercising the powers of courts of chancery may proceed to administer the relief upon the principles of equity, as fully and completely as if the proceedings had been brought and prosecuted under the statute. Grassmeyer v. Beeson, 18 Tex. 753, 70 Am. Dec. 309; Ellis v. Rhone, 17 Tex. 131; Ross v. Armstrong, 25 Tex. Supp. 355, 78 Am. Dec. 574; Payne v. Benham, 16 Tex. 364. We have investigated the question as fully as the authorities at hand would permit and have failed to find any case or any text-writer holding that it was necessary in a bill in equity to allege the value of the property sought to be partitioned.

[6] Besides, complaint made in this court by appellants is directed to a defect, if held to be one, in their own pleadings. They sought the partition, took the initiative, and, if the record is insufficient to sustain the court, appellant should not be heard to complain.

[7] A careful perusal of the statement of

facts, however, fails to disclose any evidence of value, and according to Parker v. Cockrell et al., 31 S. W. 221, the question of value should govern more than the item of quantity in making a partition of real estate. Appellant's assignment, therefore, to the effect that there is no evidence supporting the court's judgment in partitioning the property between R. W. Gutheridge and his wife, must be sustained.

[8, 9] Rule 62a for Courts of Civil Appeals (149 S. W. x) provides that if it should appear to this court that the error committed by the trial court affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error.

We therefore affirm the judgment of the trial court in canceling the deeds mentioned in the judgment and divesting C. B. Boverie, Lee Brown, and J. M. Poff, of any interest in the said N. E. ¼ of section 28, block 15, H. & G. N. Ry. Co.; but the portion of said judgment which attempts to partition said quarter section between R. W. Gutheridge and appellee herein is reversed and remanded for the want of testimony to support it, with instructions to the trial court to ascertain the value of all of said property and to partition the same between R. W. Gutheridge and appellee, Alice Gutheridge, in accordance with article 4634, R. S. 1911, and in this connection we hold that the trial court was correct in his finding that all of said property was community property. Young v. Young, 23 S. W. 83; Huntsman v. Huntsman, 147 S. W. 351; Franks v. Franks, 138 S. W. 1110.

Affirmed in part, and reversed and remanded in part.

### On Motion for Rehearing.

[10] After reviewing the record again, we have concluded that we were in error in canceling the deeds except in so far as they purported to convey the interest of appellee in the property. We think they had the effect of conveying whatever right R. W. Gutheridge may have had, subject to the right of appellee, to a partition in this action. R. W. Gutheridge certainly could not transfer the interest of appellee and to which she may be entitled, under the facts developed upon another trial. To that extent our original opinion is reformed.

[11] Appellants contend that, because the pleadings of the appellee did not authorize the court to decree a partition, none should have been made. If either party prays for relief and shows himself entitled thereto by the evidence, the court may grant it, notwithstanding the pleadings of the opposite party do not ask it. This record shows that the court, as well as the litigants, treated it during the trial as a partition suit. However, as held in our original opinion, the val-

ue of the property was not alleged, nor was the Pampa property described.

The motion for rehearing is overruled, except as hereinbefore stated.